**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-4805**

———————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

DWAYNE DENARD TERRY, a/k/a Dee, a/k/a Fakin Jamaican,

                Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:11-cr-02054-RBH-2)

———————————

Submitted:  March 30, 2015        Decided:  April 10, 2015

———————————

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

———————————

Affirmed in part; dismissed in part by unpublished per curiam opinion.

———————————

W. James Hoffmeyer, LAW OFFICE OF W. JAMES HOFFMEYER, Florence, South Carolina, for Appellant.  Nancy Chastain Wicker, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwayne Denard Terry pled guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of powder cocaine, 280 grams or more of crack cocaine, and 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 (2012). Terry and the Government negotiated a Fed. R. Crim. P. 11(c)(1)(C) agreement, stipulating that a 240-month sentence would be appropriate. The district court accepted the plea and imposed the stipulated sentence. In accordance with Anders v. California, 386 U.S. 738 (1967), Terry's counsel has filed a brief certifying that there are no meritorious issues for appeal, but questioning the validity of Terry's guilty plea. Although notified of his right to do so, Terry has not filed a supplemental brief. We affirm.

Terry challenges his plea on the ground that the district court did not take special care to assure that his plea was knowing and voluntary, where his plea agreement was linked to that of his codefendant. A guilty plea is valid where the defendant voluntarily, knowingly, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748 (1970). To assure that this standard is satisfied, Fed. R. Crim. P. 11 requires a district court to "inform the defendant

2

of, and determine that he understands, the nature of the charge(s) to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty and various rights." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). An appropriately conducted Rule 11 proceeding raises "a strong presumption that the plea is final and binding." United States v. Bowman, 348 F.3d 408, 414 (4th Cir. 2003) (internal quotation marks omitted). Here, the district court's substantial compliance with the requirements of Fed. R. Crim. P. 11 raises this presumption in favor of the validity of Terry's plea.

The promise of leniency to a third party in a plea agreement, although a legitimate prosecutorial tool that does not render a plea per se invalid, "might pose a greater danger of inducing a false guilty plea by skewing the assessment of the risks a defendant must consider." United States v. Morrow, 914 F.2d 608, 613 (4th Cir. 1990) (internal quotation marks omitted); see also Harman v. Mohn, 683 F.2d 834, 838 (4th Cir. 1982). Accordingly, "[s]pecial care must be taken to determine the voluntariness" of such a plea. Morrow, 914 F.2d at 613.

Here, the Government acted in good faith by securing an indictment against both defendants before initiating plea negotiations and by informing the district court that Terry's and his codefendant's plea agreements were linked together. See

3

Harman, 683 F.2d at 837 (prosecutor negotiated in good faith where he secured indictment against third party before offering leniency); Morrow, 914 F.2d at 613 (questioning validity of plea where Government did not inform district court of promise of leniency to third party). Furthermore, Terry and his codefendant were represented by different attorneys, eliminating the possibility that Terry's attorney sacrificed his bargaining position to secure a plea agreement for the codefendant. See Harman, 683 F.2d at 837-38 (underscoring importance of separate counsel where plea involves promise of leniency to third party). Finally, Terry readily admitted guilt at the plea hearing and did not raise any issue regarding the validity of his plea when the district court formally accepted the plea at sentencing, a time when Terry was in the courtroom outside the presence of his codefendant. Accordingly, the record does not support the claim that Terry's plea was involuntary or unknowing.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Terry's conviction and the term of supervised release imposed by the district court. We dismiss Terry's appeal as to his sentence of imprisonment. See 18 U.S.C. § 3742(a), (c) (2012); United States v. Calderon, 428 F.3d 928, 932 (10th Cir. 2005) (sentence imposed in accordance with Fed. R. Crim. P. 11(c)(1)(C) plea agreement and statute governing

4

offense of conviction not subject to appellate review).  This court requires that counsel inform Terry, in writing, of the right to petition the Supreme Court of the United States for further review.  If Terry requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Terry.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>

5